UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EPIC MEDSTAFF SERVICES HOME HEALTHCARE DALLAS, INC. and EPIC MEDSTAFF SERVICES DALLAS, INC., | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-0391-B |
| COLUMBIA CASUALTY COMPANY and MARIA CEBALLOS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Epic Medstaff Home Healthcare Dallas, Inc. and Epic Medstaff Services Dallas, Inc.'s (collectively "Plaintiffs") Motion to Remand (doc. 2). For the reasons discussed below, the Court finds Plaintiffs' Motion to Remand should be and hereby is **GRANTED** (doc. 2).

### I.

### BACKGROUND[1]

This action arises from an underlying negligence suit brought by Defendant Maria Ceballos ("Ceballos") against Plaintiffs. (Def. Columbia Casualty Company's Notice of Removal at Ex. D ("Original Pet.").) In the Underlying Lawsuit, Ceballos alleges that Adler Champagne

---

[1]The Court takes its factual account from those uncontested facts contained in the Parties' pleadings and papers. Any contested fact is identified as the allegation of a particular party.

- 1 -

("Champagne"), a nurse and former employee of Plaintiffs, committed negligent acts during the course of his employment with Plaintiffs resulting in the injury of Maria Ayers ("Ayers"), an 18 month old handicapped child for whom Ceballos was serving as next friend and conservator. (*Id.* at 3-4.) Ceballos further alleges Plaintiffs covered up a prior abuse case involving Champagne and a special needs child, and knowingly placed Champagne with another special needs child. (*Id.*) Thus, Ceballos alleges Plaintiffs are responsible for their own negligence in the screening and hiring of Champagne, as well as Champagne's alleged negligent acts under a theory of respondeat superior. (*Id.* at 4-5.)

Columbia Casualty Company ("Columbia") issued a healthcare liability policy (the "Policy") to Plaintiffs effective March 29, 2008 to March 29, 2009. (*Id.* at 5.) On May 18, 2009, Columbia issued a letter to the Plaintiffs parent company, Epic Holdings, in which it declined to assume the defense of Plaintiffs in the Underlying Lawsuit based on the terms of its policy. (*Id.*) Accordingly, on January 15, 2010, Plaintiffs filed an Original Petition for Declaratory Judgment (the "Petition") in the 192nd Judicial District Court of Dallas County, Texas, against Ceballos and Columbia. (*Id.* at 1.) In their petition, Plaintiffs seek the following three declarations relating to the Underlying Lawsuit: 1) Columbia has a duty to defend Plaintiffs and its employees; 2) Ceballos's claims are considered "healthcare liability claims" under Texas Civil Practice and Remedies Code §§ 74.001 *et seq.* ("Chapter 74"); and 3) Columbia breached its insurance contract with Plaintiffs by denying coverage for Epic Companies and its employees. (*Id.* at 3, 6-7.)

On February 25, 2010, Columbia timely removed the case to this Court based on complete diversity of citizenship contending that Ceballos is an improperly-joined defendant. (Def.'s Notice of Removal ¶¶ 4-9.) On March 25, 2010, Plaintiffs filed the instant Motion to Remand arguing that

complete diversity of citizenship did not exist because Ceballos is a necessary party. (Pls.' Br. in Supp. of Mot. to Remand ¶¶ 4-10 ("Mot. to Remand").) Having considered the Parties' briefings and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

### A. Removal and the effect of improper joinder

A defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 12 U.S.C. § 1441(a); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Federal courts maintain original jurisdiction over those actions in which there is diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Accordingly, the defendant that removes a case based on diversity "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).

Notably, Federal diversity jurisdiction cannot be defeated by an improperly joined, non-diverse defendant.[2] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The party seeking removal bears the burden of proving that the joinder of the non-diverse party was improper. *Id.* at 574. "[A]ll contested factual issues and ambiguities of state law [are resolved] in favor of the plaintiff." *Gasch*, 491 F.3d at 281 (internal citations omitted). A party may establish improper joinder by showing that the plaintiff either has used fraudulent facts to plead jurisdiction, or has not

---

[2]The Fifth Circuit adopts the term 'improper joinder' as "being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

established a cause of action against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. In determining whether the plaintiff has established a cause of action against the non-diverse defendant, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (internal quotation marks omitted). However, a reasonable basis requires more than "liability by the mere hypothetical possibility . . . ." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

### B. Texas Declaratory Judgments Act

The purpose of the Texas Declaratory Judgment Act (the "Act") is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations . . . ." § 37.002(b). Accordingly, the Act provides that "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code § 37.006(a). Texas Rule of Civil Procedure 39 governs joinder of persons under the Act.[3] *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004). "Rule 39, like the Declaratory Judgment[s] Act, mandates joinder of persons whose interests would be affected by the judgment." *Id.*

### C. Health Care Liability Under Texas Law

---

[3] Texas Rule of Civil Procedure 39 provides that "[a] person who is subject to service of process shall be joined as a party to the action if . . . he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (I) as a practical matter impair or impede his ability to protect that interest . . . ." Tex. R. Civ. P. Rule 39(a).

- 4 -

The adjudication of health care liability claims in Texas is governed by Texas Civil Practice and Remedies Code §§ 74.001 *et seq.* ("Chapter 74"). *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). Chapter 74 provides:

> Health care liability claim' means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(13). A court determines a "health care liability claim" pursuant to Chapter 74 by focusing on "the essence of [the] claim and consider[ing] the alleged wrongful conduct and the duties allegedly breached . . . ." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). If the alleged act or omission "is an inseparable part of the rendition of health care services, then the claim is a health care liability claim." *Garland,* 156 S.W.3d at 544.

## III.

## ANALYSIS

Plaintiffs argue this action should be remanded to state court on four separate grounds. First, Columbia contends that Plaintiffs improperly joined Ceballos. Second, Columbia argues Plaintiffs' Petition is redundant to the Underlying Lawsuit. Third, Columbia argues that Ceballos is not a necessary party. Finally, Columbia contends Ceballos's interests in the Petition are aligned with Plaintiffs, and not Columbia. The Court will consider each issue in turn.

### A. Improper Joinder

Plaintiffs allege that under the Act, Ceballos is a necessary party to the Petition. (Mot. to Remand ¶¶ 5-9.) Plaintiffs further contend that Ceballos is a necessary party because a court's declaration that Chapter 74 governs the Underlying Lawsuit would limit Plaintiffs' potential liability,

and cap the non-economic damages that Ceballos may recover. (*Id.* at ¶ 7.) Accordingly, Plaintiffs contend that this Court should remand Plaintiffs' Declaratory Judgment Petition because there is no diversity of citizenship.[4] (Mot. to Remand ¶¶ 4, 10.)

In opposition, Columbia contends that this Court should not remand Plaintiffs' Petition because Ceballos was improperly joined, and thus, the suit satisfies complete diversity of citizenship. (Br. in Opp'n to Pls.' Mot. to Remand ¶¶ 2-11 ("Opp'n Br.").) Columbia does not deny that Plaintiffs and Columbia are citizens of Texas. (Def.'s Notice of Removal ¶¶ 7-8; Opp'n Br. ¶ 1.) Instead, Columbia argues that Plaintiffs and Ceballos do not have a justiciable dispute, and Plaintiffs do not seek any relief from Ceballos. (Opp'n Br. ¶¶ 2-11.) Thus, Columbia contends that Cebellos's citizenship should be disregarded in determining federal jurisdiction. (*Id.* at ¶ 11.)

The court assesses removal jurisdiction on the "basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Among the three declarations Plaintiffs seeks in its Petition, one is that Chapter 74 governs the negligence claims in the Underlying Lawsuit. (Original Pet. 6-7.) A declaration that Chapter 74 governs the Underlying Lawsuit's negligence claims would apply a standard of care different from that pleaded by Ceballos. In addition, such a declaration would limit Plaintiffs' liability and limit the damages that Ceballos could potentially recover. "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must

---

[4]Plaintiffs are incorporated under the laws of the State of Texas, have their principal place of business in Dallas, Dallas County, Texas, and are citizens of the State of Texas. (Original Pet. 2; Def.'s Notice of Removal ¶¶ 7-9.) Columbia is incorporated in the State of Illinois with its principal place of business in Chicago, Illinois, and is a citizen of the State of Illinois . (*Id.*) Ceballos is a resident of Haltom City, Tarrant County, Texas. (*Id.*) The Court notes that Plaintiffs are using the term "resident" to mean "domicile" for the purposes of establishing that Ceballos is a citizen of the State of Texas.

be made parties." § 37.006(a). Since one of the declarations sought by Plaintiffs would affect the liability and potential rights of Ceballos and Plaintiffs, Ceballos is not an improper party. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 566 (N.D. Tex. 2009) (noting that non-diverse defendant is not improper where a party seeks a declaration to interpret a writing and protect himself from liability). Thus, the Court finds that Columbia has not met its burden of proving that Ceballos was improperly joined.

### B. Declaratory Judgment as a Redundant Action to the Underlying Lawsuit

Columbia further argues that even if a justiciable controversy is found to exist between Plaintiffs and Ceballos, the Court should still not consider Ceballos' citizenship in determining whether complete diversity exists because this action is redundant to the Underlying Lawsuit. (Opp'n Br. ¶¶ 12-13.) More specifically, Columbia argues that the Declaratory Judgment Act is not available to Plaintiffs because they are seeking relief that could be obtained in the Underlying Lawsuit. (*Id.*)

Declaratory judgment "is not available to settle disputes already pending before a court." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (internal quotation marks omitted). However, if a declaratory action is "more than the mere denial of [the plaintiff's] cause of action . . ." and seeks affirmative relief, then the declaratory action may proceed. *BHP*, 800 S.W.2d at 842 (allowing declaratory judgment action that sought to define parties' obligations under an ongoing contract). In the case at bar, Plaintiffs' Declaratory Judgment Petition does not deny Ceballos's allegations that Plaintiffs were negligent. (Original Pet. 6-7.) Instead, Plaintiffs seek a declaration that Chapter 74 governs Ceballos's claim. (*Id.*) Thus, Plaintiffs are asserting a form of affirmative relief by seeking a declaration that the standards of care and damage caps under Chapter 74 apply

to the Underlying Lawsuit. (*See id.*) As such, the Court finds this action does not constitute a redundant action.

### C. Declaratory Judgment Petition as an Insurance Coverage Action

Columbia additionally contends remand is improper because the instant action constitutes an insurance coverage action under which Ceballos is a third-party claimant, and thus not a proper party. (Opp'n Br. ¶¶ 14-20.) Columbia argues this action constitutes an insurance coverage action because Plaintiffs seek a declaration that Columbia has a duty to defend Plaintiffs. (*Id.* at ¶¶ 15, 19.) Thus, because Ceballos is not a party to the insurance contract between Columbia and Plaintiffs, Ceballos maintains no legal interests in the declaratory judgment. (*Id.* at ¶¶ 15-16.)

"Texas courts, applying the Declaratory Judgment Act, have held that no justiciable controversy exists between an insurer and a tort plaintiff who has a suit pending against the insured." *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1025 (N.D. Tex. 1995). However, Plaintiffs' suit is not solely an insurance coverage action. One of Plaintiffs' declarations affects Ceballos's interests in the Underlying Lawsuit. (Original Pet. 6-7.) A court's declaration regarding Chapter 74 would affect the applicable standard of care, as well as damages in the Underlying Lawsuit. Thus, the Petition would impact Ceballos's interests and, as such, she is a proper party to this action.

### D. Realignment of the Parties

Finally, Columbia argues remand is improper because Ceballos should be realigned as a Plaintiff, thereby establishing federal jurisdiction under complete diversity of citizenship. (Opp'n Br. ¶¶ 21-26.) Columbia argues this action constitutes an insurance coverage action. (*Id.* at ¶¶ 23, 26.) Columbia further argues that in an insurance coverage action, parties are typically aligned as insurer

versus insured and injured party. (*Id.* at ¶ 23.) Thus, Columbia contends that this Court should realign Ceballos as a Plaintiff. (*Id.* at ¶ 26.)

Although diversity of citizenship is usually determined at the beginning of a suit, one exception is a federal court's ability to realign the parties. *Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *see City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941). Realignment is determined "from the principal purpose of the suit, and the primary and controlling matter in dispute." *Id.* (internal quotation marks omitted); *see Lowe v. Ingalls Shipbuilding, a Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (realigning the defendant as a plaintiff where "[t]he complaint reflects no dispute between plaintiffs and [the defendant]."). In the case at bar, although Plaintiffs seek a declaration regarding Columbia's duty to defend Plaintiffs, an actual dispute also exists between Plaintiffs and Ceballos. Plaintiffs seek a declaration that the standard of care under Chapter 74, rather than the "high degree of care" pleaded by Ceballos, applies to the Underlying Lawsuit. Such a determination would impact Ceballos's potential recovery in the Underlying Lawsuit. Therefore, Plaintiffs and Ceballos have diverging interests. Accordingly, this Court will not realign Ceballos as a Plaintiff.

## V.

## CONCLUSION

For the reasons discussed above, the Court finds Plaintiffs' Motion to Remand should be and hereby is **GRANTED** (doc. 2).

SO ORDERED.

DATED August 16, 2010

                                                _____
                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE